IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GENUINE ENERGY, INC.,

    Plaintiff,

      v.

HAPAG-LLOYD
AKTIENGESELLSCHAFT,

    Defendant.

CIVIL ACTION FILE
NO. 1:23-CV-5239-TWT

## OPINION AND ORDER

This is a maritime contract case. It is before the Court on Defendant Hapag-Lloyd Aktiengesellschaft ("Hapag-Lloyd")'s Motion for Summary Judgment, or in the alternative, Motion for Partial Summary Judgment [Doc. 16], Plaintiff Genuine Energy, Inc. ("Genuine Energy")'s Motion to Continue [Doc. 18], and Hapag-Lloyd's Motion to Stay [Doc. 33]. As detailed below, Hapag-Lloyd's Motion for Summary Judgment, or in the alternative, Motion for Partial Summary Judgment [Doc. 16] is DENIED as premature, Genuine Energy's Motion to Continue [Doc. 18] is GRANTED, and Hapag-Lloyd's Motion to Stay [Doc. 33] is DENIED as moot.

## I.    Background[1]

---

[1] The operative facts on the Motion for Summary Judgment are taken from the parties' Statements of Undisputed Material Facts and the responses thereto. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

This case involves the shipment of 26 containers of soybeans that allegedly became spoiled by the time the shipper's consignees obtained them. Genuine Energy was the shipper, and Hapag-Lloyd was the carrier. (*See* Def.'s Statement of Undisputed Material Facts ¶ 1; Pl.'s Statement of Additional Facts ¶ 1). The 679 metric tons of soybeans were being shipped to Qingdao, China in two separate shipments. (Pl.'s Statement of Additional Facts ¶ 1; Def.'s Statement of Undisputed Material Facts ¶ 2). According to documents from Genuine Energy's freight forwarder, the shipments were originally supposed to arrive at Qingdao on May 24, 2022 and June 8, 2022. (Pl.'s Br. in Opp'n to Mot. for Summ. J., Ex. B, Doc. 19-8; Ex. C, Doc. 19-9). They did not arrive until June 2022 and July 2022. (Def.'s Statement of Undisputed Material Facts ¶ 3). The containers were released on October 27, 2022. (Def.'s Br. in Supp. of Mot. for Summ. J., Ex. 6, Doc. 16-6). They were not picked up by the consignee until at least November 21, 2022. (Pl.'s Br. in Opp'n to Mot. for Summ. J., Ex. Q, Doc. 19-28).

Genuine Energy asserts that the delays were caused by the Chinese government issuing a COVID-19-related lockdown and by Hapag-Lloyd overbooking vessels, failing to promptly correct errors on the bills of lading, and refusing to release the cargo to customs while wrongly asserting that Genuine Energy had outstanding charges. (Pl.'s Statement of Additional Facts ¶¶ 4, 9, 10, 11). It further asserts that the containers remained Hapag-Lloyd's

2

responsibility until after they cleared customs, which—according to Genuine Energy—occurred on November 21, 2022. (*Id.* ¶¶ 7, 9). Hapag-Lloyd denies that it overbooked vessels, failed to promptly correct bills of lading, or refused to release the containers. (Def.'s Resp. to Pl.'s Statement of Additional Facts ¶¶ 4, 9, 10). Rather, "[a]ny alleged delay in clearing customs was the result of the actions or inaction of Plaintiff and/or its freight forwarder." (*Id.* ¶ 9). Genuine Energy filed suit on November 14, 2023, seeking damages sustained by the delay. (Def.'s Statement of Undisputed Material Facts ¶ 8).[2] It asserts a claim under the Carriage of Goods by Sea Act ("COGSA") and a breach of contract claim. (First Am. Compl. ¶¶ 20-38).

## II.     Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The

---

[2] As a reminder for any future summary judgment motions, the Court "will not consider any fact . . . set out only in the brief and not in the movant's statement of undisputed facts." N.D. Ga. Local R. 56.1(B)(1).

burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III.   Discussion

Hapag-Lloyd moves for summary judgment on Genuine Energy's COGSA claim because it asserts the case was not filed within the one-year statute of limitations period. Alternatively, Hapag-Lloyd moves for partial summary judgment limiting the damages for the claim to $500 per package under COGSA's liability limit provision. Genuine Energy argues that there is a genuine issue of material fact, and—to the extent that there is not—the motions should be denied as premature given the infancy of the case. The Court responds to each argument in turn below.

### A. Statute of Limitations

Hapag-Lloyd moves for summary judgment on the entirety of the COGSA claim as barred by the statute of limitations. COGSA states in relevant part that, "[i]n any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered." 46 U.S.C. § 30701 (Note § 3(6)). [3] Genuine Energy filed its

---

[3] "For most of its life, from its 1936 enactment to the 2006 recodification of Title 46, COGSA was codified at 46 U.S.C. § 1300-15 or 46 U.S.C. app. § 1300-15. It is now an uncodified statute. The sole authority for COGSA is (as

4

Complaint on November 14, 2023. The parties dispute whether "delivery" occurred more than one year prior to that date. Hapag-Lloyd argues that it did; Genuine Energy contends it did not. The Court finds that summary judgment is not proper at this time.

As an initial matter, Genuine Energy argues that Hapag-Lloyd cannot avail itself of COGSA's statute of limitations because Hapag-Lloyd's actions amounted to an unreasonable deviation. (Pl.'s Br. in Opp'n to Mot. for Summ. J., at 9-14). However, the Eleventh Circuit has stated that because "a deviation in the delivery terms creates no greater risk that plaintiff will not be able to file suit within the statutory period," it "joins the Fifth Circuit in concluding that an unreasonable course deviation does not nullify COGSA's one year statute of limitation." *Mesocap Ind. Ltd. V. Torm Lines*, 194 F.3d 1342, 1345 (11th Cir. 1999). That holding is binding on this Court, so Plaintiff's argument is without merit.

Next, the parties dispute what constitutes "delivery" under the terms of COGSA. Neither the parties' briefing nor the Court's own research has uncovered any rulings by the Eleventh Circuit discussing the meaning of "delivery" under COGSA. *See C.H. Robinson Worldwide, Inc. v. Compañia Libre de Navegacion (Uruguay) S.A.*, 718 F. Supp. 2d 1361, 1363 (S.D. Fla.

---

it always has been) the 1936 enactment, which is recorded in the statutes at large." 1 Admiralty & Mar. Law § 10:16, n. 1 (6th ed.).

2010) ("There appears to be no binding precedent in this jurisdiction that explains the meaning of the word 'delivery' as used in the COGSA statute."). Hapag-Lloyd advocates for following the Fifth Circuit's approach which states that "'delivery' occurs when the carrier places the cargo into the custody of whomever is legally entitled to receive it from the carrier." *Servicios-Expoarma, C.A. v. Indus. Maritime Carriers, Inc.*, 135 F.3d 984, 992 (5th Cir. 1998). Meanwhile, Genuine Energy relies on contemporaneous dictionaries and a case from the District of South Carolina to conclude that "delivery" happens "when the consignee either actually or constructively receives the goods." (Pl.'s Br. in Opp'n to Mot. for Summ. J., at 15-17). Yet another interpretation is expressed by the Southern District of New York in *Lithotip, CA. v. S.S. Guarico*, 569 F. Supp. 837, 839 (S.D.N.Y. 1983): "We find persuasive the opinions of the courts cited above that 'delivery,' both as the term is used in everyday language, and as it appears to have been intended in the context of the statute, requires, if not receipt by the deliveree, at least notice to him and opportunity to accept delivery." Regardless of which interpretation is correct, summary judgment is not warranted at this time.

Under the Fifth Circuit test, the law and custom of the port of delivery affects when "delivery" has occurred. *Servicios-Expoarma, C.A.*, 135 F.3d at 993 ("This circuit has applied the custom of the port doctrine to determine who is entitled to receive cargo from the carrier. . . . Thus, while contract and

maritime law generally will dictate into whose custody an ocean carrier is required to deliver cargo, such law will be overridden by the established law or custom of the port of delivery."). Here, the custom and law of the port of Qingdao has been contested. Genuine Energy has attached an announcement purportedly from China's Shandong province—where Qingdao is located— stating that "[t]he shipping unit is responsible for organizing or entrusting a disinfection unit to disinfect the transportation vehicles loaded with imported container goods before and after shipment in the domestic transportation section." (Pl.'s Br. in Supp. of Mot. to Continue, Doc. 18-1, Ex. E (cited by Pl.'s Statement of Additional Material Facts, Doc. 19-1, ¶ 7 on p. 6)). Because of that, Genuine Energy argues that Hapag-Lloyd was still responsible—and delivery did not occur—until the containers cleared customs. (Pl.'s Br. in Opp'n to Mot. for Summ. J., at 17).

Hapag-Lloyd "objects to the introduction of alleged sources of Chinese law with no support for those sources under Fed. R. Civ. P. 44.1." (Def.'s Resp. to Pl.'s Statement of Additional Material Facts, Doc. 23, ¶ 7). However, to the extent that the announcement is not sufficiently supported, the reason for that is the premature nature of Hapag-Lloyd's Motion for Summary Judgment. Hapag-Lloyd moved for summary judgment before the parties even made their initial disclosures. While Hapag-Lloyd has now provided notice of its intent to use the testimony of Chinese maritime lawyer Yu Changqing, that notice was

first provided on the same day Hapag-Lloyd submitted its Reply, two weeks after Genuine Energy responded to the Motion for Summary Judgment. (Def.'s Am. Notice, Doc. 25). The declaration was provided at that time either as an attempt to surprise Genuine Energy or because that was the quickest Hapag-Lloyd could get an expert declaration. Regardless of which is true, the timing of the Yu Declaration emphasizes the need for further discovery. Thus, under the Fifth Circuit's standard, summary judgment is improper at this time.

The same result holds under the other standards too. The parties dispute when receipt or the opportunity to receive occurred. Because of its understanding of Chinese customs law, Hapag-Lloyd contends that the containers were released for pick up no later than October 27, 2022. (Def.'s Br. in Supp. of Mot. for Summ. J., at 9; *Id.*, Ex. 6, Doc. 16-6; Reply Br. in Supp. of Mot. for Summ. J., at 8-10). Meanwhile, under its view that cargo is the carrier's responsibility until it clears customs (as opposed to when it is released to customs), Genuine Energy asserts it did not have the opportunity to access the soybeans until at least November 21, 2022. (Pl.'s Br. in Opp'n to Mot. for Summ. J., at 17-18; *Id.*, Ex. Q, Doc. 19-28). As already explained, more discovery is needed in this case before the Court will adjudicate what the laws and customs of the port of Qingdao were. Therefore, the Court cannot say that Hapag-Lloyd has met its burden of proving the affirmative defense of statute

of limitations at this time. Hapag-Lloyd may renew its motion for summary judgment on this ground at a later date.

## B. Liability Limit

Hapag-Lloyd also moves for partial summary judgment, arguing that damages for Plaintiff's COGSA claim should be limited to $500 per package. (Def.'s Br. in Supp. of Mot. for Summ. J., at 10-16). Since there were 26 containers of soybeans shipped, Hapag-Lloyd contends that its total liability under COGSA cannot exceed $13,000. (*Id.*).[4] Genuine Energy asserts that damages should not be limited to $13,000 both because Hapag-Lloyd engaged in an unreasonable deviation and because the soybeans were not shipped in packages. (Pl.'s Br. in Opp'n to Mot. for Summ. J., at 9-14, 20-23). The Court concludes that partial summary judgment is premature at this time.

For goods shipped in packages, COGSA limits the carrier's liability to a maximum of $500 per package. 46 U.S.C. § 30701 (Note § 4(5)). By contrast, "goods not shipped in packages" are limited to $500 "per customary freight unit." *Id.* However, "[t]he law in this circuit is that an *unreasonable* deviation breaches the contract of carriage and renders COGSA's $500 per-package

---

[4] Throughout the Reply brief, Hapag-Lloyd states that its liability should not exceed $12,000. (Reply Br. in Supp. of Mot. for Summ. J., at 1, 3, 13, 15). However, Hapag-Lloyd states in its Statement of Undisputed Material Facts—and Genuine Energy admits in its Response thereto—there were 26 containers. (Def.'s Statement of Undisputed Material Facts ¶ 1; Pl.'s Resp. to Def.'s Statement of Undisputed Material Facts, ¶ 1). If each of those containers are capped at $500, Hapag-Lloyd's total liability could reach $13,000.

limitation a nullity, leaving the carrier liable as an insurer for the full amount of damage to the cargo." *C.A. La Seguridad v. Delta S.S. Lines*, 721 F.2d 322, 324 (11th Cir. 1983) (quotation marks, alterations, and citations omitted). A reasonable deviation does not nullify the liability limit. *See* 46 U.S.C. § 30701 (Note § 4(4)).

Under Eleventh Circuit case law, there must be an "adequate opportunity for discovery" before the court may grant summary judgment. *See, e.g.*, *Smedley v. Deutsche Bank Tr. Co. Ams.*, 676 F. App'x 860, 862 (11th Cir. 2017); *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990). Here, no substantial discovery has taken place. (Joint Mot. for Continuance and Am. Scheduling Order, Doc. 37, ¶¶ 4-5, 10-11). While "summary judgment may be appropriate when no discovery has been held," these cases occur in a different procedural posture. *Smedley*, 676 F. App'x at 862 (discussing *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989)). In *Reflectone, Inc.*, 862 F.2d at 843, the plaintiff "chose to suspend its discovery efforts pending the resolution of the motion for protective order." However, the district court granted the defendant's motion for summary judgment prior to ruling on the protective order. *Id.* As a result, the plaintiff did not conduct any discovery. *Id.* The plaintiff appealed the grant of summary judgment on the grounds that it did not have the opportunity to conduct any discovery. *Id.* Interpreting Rule 56(d)'s predecessor, the Eleventh Circuit

affirmed the district court's ruling because the plaintiff "did not even make any motion to compel discovery" and "did not raise the issue anywhere in its papers opposing summary judgment." *Id.* at 844.

Here, by contrast, Genuine Energy made a Motion to Continue under Rule 56(d), arguing that summary judgment is premature given that it has not had the opportunity to conduct any meaningful discovery. It has also sought discovery from Hapag-Lloyd. (Pl.'s First Set of Interrogs., Doc. 29-1; Pl.'s First Set of Reqs. for Produc., Doc. 29-2). Because Hapag-Lloyd moved for summary judgment prior to any meaningful discovery and because Genuine Energy has raised the issue and sought discovery, the Court finds that the Motion for Partial Summary Judgment is premature. Pursuant to Rule 56(d), the Court will accordingly grant Genuine Energy's Motion to Continue, and it will deny Hapag-Lloyd's Motion for Partial Summary Judgment without prejudice so that it may raise the issue again once Genuine Energy has had an adequate opportunity for discovery.

## IV.   Conclusion

For the foregoing reasons, Hapag-Lloyd's Motion for Summary Judgment, or in the alternative, Motion for Partial Summary Judgment [Doc. 16] is DENIED without prejudice as premature, Genuine Energy's Motion to Continue [Doc. 18] is GRANTED, and Hapag-Lloyd's Motion to Stay [Doc. 33] is DENIED as moot.

SO ORDERED, this ___26th___ day of July, 2024.

THOMAS W. THRASH, JR.
United States District Judge